Michael Faillace [MF-8436]
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JOSE TORRES, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

        -against-

CRISPY BURGER , LLC(d/b/a CRISPY BURGER ),
FRED Z,  and YI ZHENG,

                *Defendants.*
------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jose Torres, individually and on behalf of others similarly situated ("Plaintiff Torres"), by and through his attorneys, Michael Faillace Esq., and as against each of Defendants Crispy Burger , LLC(d/b/a/ Crispy Burger ) ("Defendant Corporation"), Fred Z , and Yi Zheng ("Individual Defendants"), (collectively, "Defendants"), upon information and belief alleges as follows:

## NATURE OF ACTION

1. Plaintiff Torres is a former employee of Defendants Crispy Burger , LLC(d/b/a/ Crispy Burger ), Fred Z  and Yi Zheng who own and operate Crispy Burger .

2. Crispy Burger  is a Chinese fast-food restaurant owned by Fred Z  and Yi Zheng, located at 137 First Avenue, New York, New York, 10003.

1

3. Upon information and belief, Defendants Fred Z and Yi Zheng serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the Chinese fast-food restaurant as a joint or unified enterprise.

4. Plaintiff Torres was an employee of Defendants.

5. Plaintiff Torres worked long days as a cook and food preparer at the Chinese fast-food restaurant located at 137 First Avenue, New York, New York 10003.

6. Plaintiff Torres regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Torres appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Torres the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Torres to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Torres now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiff Torres seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Torres's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Torres was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Jose Torres ("Plaintiff Torres" or "Mr. Torres") is an adult individual residing in Bronx County, New York. Plaintiff Torres was employed by Defendants from approximately April 7, 2024 until on or about January 11, 2025.

16. At all relevant times to this complaint, Plaintiff Torres was employed by Defendants as a cook and food preparer at Crispy Burger , located at 137 First Avenue, New York, New York, NY 10003.

17. Plaintiff Torres consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants own, operate, and/or control a Chinese fast-food restaurant located at 137 First Avenue, New York, New York 10003 under the name of Crispy Burger , at all times relevant to this complaint.

19. Upon information and belief, Defendant Crispy Burger , LLC("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 137 First Avenue, New York, New York, 10003.

20. Defendant Fred Z  is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Fred Z  is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Fred Z  possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of employees, including Plaintiff Torres, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

21.     Defendant Yi Zheng is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Yi Zheng is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Yi Zheng possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of employees, including Plaintiff Torres, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

22.     Defendants operate a Chinese fast-food restaurant located in the East Village section of Manhattan in New York City.

23.     Individual Defendants Fred Z and Yi Zheng possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Torres's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Torres, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Torres, and all similarly situated individuals, and are Plaintiff Torres's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Torres and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Fred Z and Yi Zheng operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from their own selves, by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

    (d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    (e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f) intermingling assets and debts of their own with Defendant Corporation;

    (g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

    (h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Torres's employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff Torres, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Torres's services.

31. In each year from 2024 to 2025, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Chinese fast-food restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Torres is a former employee of Defendants, who was employed as a cook and food preparer.

34. Plaintiff Torres seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Torres*

35. Plaintiff Torres was employed by Defendants from approximately April 7, 2024 until on or about January 11, 2025.

36. At all relevant times, Plaintiff Torres was employed by Defendants to work as a cook and food preparer.

37. Plaintiff Torres regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a cook and food preparer.

38. Plaintiff Torres's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Torres regularly worked in excess of 40 hours per week.

40. From approximately April 7, 2024 until on or about June 2024, Plaintiff Torres worked from approximately 1:30 p.m. until on or about 1:30 a.m. Sundays through Wednesdays, from approximately 1:30 p.m. until on or about 2:00 a.m. on Thursdays, and from approximately 1:30 p.m. until on or about 3:00 a.m. on Fridays and Saturdays (typically 77.5 hours per week).

41. From approximately June 2024 until on or about September 2024, Plaintiff Torres worked from approximately 1:30 p.m. until on or about 1:30 a.m. Sundays, Mondays and Wednesdays, from approximately 1:30 p.m. until on or about 2:00 a.m. on Thursdays, and from approximately 1:30 p.m. until on or about 3:00 a.m. on Fridays and Saturdays (typically 65.5 hours per week).

42. From approximately September 2024 until on or about January 11, 2025, Plaintiff Torres worked from approximately 11:30 a.m. until on or about 1:30 a.m. Sundays, Mondays and Wednesdays, from approximately 11:30 a.m. until on or about 2:00 a.m. on Thursdays, and from approximately 11:30 a.m. until on or about 3:00 a.m. on Fridays and Saturdays (typically 87.5 hours per week).

43. Throughout his employment with defendants, Plaintiff Torres was paid his wages in cash.

44. From approximately April 7, 2024 until on or about April 14, 2024, Plaintiff Torres was paid a fixed salary of $120.00 per day.

45. From approximately April 2024 until on or about June 2024, Plaintiff Torres was paid a fixed salary of $130.00 per day.

46. From approximately June 2024 until on or about November 2024, Plaintiff Torres was paid a fixed salary of $150.00 per day.

47. From approximately November 2024 until on or about January 11, 2025, Plaintiff Torres was paid a fixed salary of $175.00 per day.

48. Plaintiff Torres's wages did not vary regardless of how many additional hours he worked in a week.

49. For example, Plaintiff Torres worked 15 minutes past his scheduled departure time four days a week, and defendants did not compensate him for the additional time he worked.

50. Defendants never granted Plaintiff Torres any breaks or meal periods of any kind.

51. Plaintiff Torres was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

52. Defendants did not provide Plaintiff Torres with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

53. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Torres regarding wages as required under the FLSA and NYLL.

54. Defendants did not provide Plaintiff Torres a statement of wages, as required by NYLL 195(3).

55. Defendants did not give any notice to Plaintiff Torres, in English and in Spanish (Plaintiff Torres's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

56. Defendants regularly required Plaintiff Torres to work in excess of forty (40) hours per week without paying him minimum wage, overtime compensation and spread of hours pay.

57. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants pay practices resulted in Plaintiff Torres not receiving payment for all the hours he worked, resulting in Plaintiff Torres's effective rate of pay falling below the required minimum wage rate .

60. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Torres with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Torres's relative lack of sophistication in wage and hour laws.

61. Defendants paid Plaintiff Torres all of his wages in cash.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Torres (and similarly situated individuals) worked, and to avoid paying Plaintiff Torres properly for 1) his full hours worked, 2) minimum wage, 3)for overtime due, and 4) spread of hours pay.

63. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Torres and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants failed to provide Plaintiff Torres and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

11

**FLSA COLLECTIVE ACTION CLAIMS**

65. Plaintiff Torres brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Crispy Burger (the "FLSA Class").

66. At all relevant times, Plaintiff Torres and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

67. The claims of the Plaintiff stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

68. Plaintiff Torres repeats and re-alleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff Torres's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Torres

(and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

70. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72. Defendants failed to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

73. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

75. Plaintiff Torres repeats and re-alleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of the FLSA, failed to pay Plaintiff Torres (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

77. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

79. Plaintiff Torres repeats and re-alleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Torres's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Torres (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

81. Defendants, in violation of the NYLL, paid Plaintiff Torres (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

82. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff Torres (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

84. Plaintiff Torres repeats and re-alleges all paragraphs above as though fully set forth herein.

85. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Torres (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

86. Defendants failed to pay Plaintiff Torres (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

87. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Torres (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

89. Plaintiff Torres repeats and re-alleges all paragraphs above as though fully set forth herein.

90. Defendants failed to pay Plaintiff Torres (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Torres's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

91. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) an additional hour's pay for each day Plaintiff Torres's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

92. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiff Torres repeats and re-alleges all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiff Torres with a written notice, in English and in Spanish (Plaintiff Torres's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

95. Defendants are liable to Plaintiff Torres in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

96. Plaintiff Torres repeats and re-alleges all paragraphs above as though set forth fully herein.

97. Defendants did not provide Plaintiff Torres with wage statements upon each payment of wages, as required by NYLL 195(3).

98. Defendants are liable to Plaintiff Torres in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Torres respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Torres's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Torres and the FLSA class members;

(f) Awarding Plaintiff Torres and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Torres and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiff Torres and the members of the FLSA Class;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Torres and the members of the FLSA Class;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Torres and the members of the FLSA Class;

(k) Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Torres's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law are willful as to Plaintiff Torres and the FLSA Class members;

(m) Awarding Plaintiff Torres and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff Torres damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(o) Awarding Plaintiff Torres and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(p) Awarding Plaintiff Torres and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Torres and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 3, 2025

                        MICHAEL FAILLACE Esq.

                        /s/ Michael Faillace
By:   Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*