UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                               :

JOSE TORRES, individually and on behalf of others   :
similarly situated,   :
                                                               :          25-CV-01755 (JAV)
                                 Plaintiff,   :
                                                 :          MEMORANDUM OPINION
           -v-   :                 AND ORDER
                                                 :
CRISPY BURGER, LLC (D/B/A CRISPY BURGER),   :
FRED Z, AND YI ZHENG.,   :
                                                 :
                                 Defendants.   :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, District Judge:

On March 19, 2025, Plaintiff Jose Torres filed a Stipulation of Voluntary Dismissal Without Prejudice pursuant to Rule 41(a)(1)(A)(ii). ECF No. 10 ("Rule 41 Stipulation"). As this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Court sought clarification as to whether the dismissal was the result of a settlement agreement. ECF No. 11. The Court received confirmation that the Rule 41 stipulation was submitted to effectuate a settlement agreement that released the FLSA claims in this lawsuit. ECF No. 12. Having now reviewed the terms of that settlement, the Court declines to approve the settlement agreement. Accordingly, the Rule 41 Stipulation is without effect and this case remains open.

## PROCEDURAL HISTORY

This action was commenced on March 3, 2025, as a proposed collective action pursuant to FLSA and New York Labor Law. ECF No. 1. Plaintiff alleges that from April 2024 through January 2025 he had been employed as a cook and food preparer for Crispy Burger, a Chinese fast food restaurant located in Manhattan. *Id.* The Complaint asserted, *inter alia*, that Defendants had violated FLSA's overtime provisions and minimum wage rates. *Id.*

The docket does not reflect service on the Defendants. Nor have any of the Defendants appeared in this action. On March 19, 2025, Plaintiff Jose Torres filed the Rule 41 Stipulation, which purported to dismiss this action pursuant to Rule 41(a)(1)(A)(ii). As any settlement agreement releasing claims under the FLSA must undergo a fairness review and be approved by the Court, the Court sought clarification as to whether the dismissal was the result of a settlement agreement. ECF No. 11. On April 18, 2025, Plaintiff's counsel submitted a letter to the Court in response to the Court's order. Counsel explained that his client had entered into a "de minimis" settlement with Defendants:

> Shortly after this firm filed and served Plaintiff's complaint, Plaintiff informed us that he no longer wanted to proceed with his claims. Plaintiff advised that he had negotiated a settlement with Defendants without our consultation, which involved: (1) Plaintiff receiving his job back from Defendants; and (2) Defendants' paying Plaintiff's attorneys' fees and costs, in exchange for a release. We strongly advised Plaintiff against these terms, and advised that his course of action would effectively amount to a termination of our representation; however Plaintiff insisted, and we drafted a settlement agreement for the parties. Defendants paid Plaintiff attorneys' fees and costs in the amount of $3,630, which he then paid us, and we filed the dismissal at issue.

ECF No. 12. Counsel further stated that he had been under the "mistaken impression" that a dismissal without prejudice would not require fairness review. *Id.* Counsel docketed a copy of the settlement agreement, *id.*, Ex. B (the "Settlement Agreement"), as well as records documenting his attorney's fees, *id.*, Ex. A. The itemized invoice submitted by Plaintiff's counsel indicated that the firm had incurred $6,277.50 in costs and fees in connection with their representation of Plaintiff in this matter.

The Settlement Agreement contains a release provision, pursuant to which Plaintiff releases the "claims . . . which were alleged in the Complaint." Settlement Agreement ¶ 8. The Settlement Agreement also contains a confidentiality provision that prohibits Plaintiff from

discussing the terms of the Settlement Agreement or the negotiations concerning the Settlement Agreement. *Id.* ¶ 6.

The Settlement Agreement provides that the settlement payment of $3,630 shall be "in consideration for Plaintiff's execution of a FRCP Rule 68 Offer Of Judgment and this Agreement, which includes a release." *Id.* ¶ 1. A Rule 68 Offer of Judgment executed by Defendants Crispy Burger and Yi Zheng is attached as an exhibit to the Settlement Agreement. No written notice of acceptance of the Offer of Judgment was included in the submission to the Court.

## DISCUSSION

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 205–06 (2d Cir. 2015), the Second Circuit made clear that the FLSA prohibits voluntary dismissal of FLSA claims pursuant to Rule 41 without judicial approval of the underlying settlement agreement. The Second Circuit explained that judicial review is required because "low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Cheeks*, 796 F.3d at 205 (quoting *Socias v. Vornado Realty L.P*, 297 F.R.D. 38, 40 (E.D.N.Y. 2014)). Private settlements would serve to circumvent the FLSA's deterrent effect and allow employers to avoid compliance with the statute. *Id.* at 205-06. The Second Circuit noted the high potential for abuse in such settlement agreements, which often include "highly restrictive confidentiality provisions . . . in strong tension with the remedial purposes of the FLSA," as well as overbroad releases and disproportionate fee awards. *Id.* at 206 (cleaned up). The Second Circuit concluded that "Rule

41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . to take effect." *Id.*

Although *Cheeks* concerned a dismissal with prejudice, the Second Circuit has subsequently clarified that fairness reviews are also required for Rule 41 dismissals without prejudice. *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809-11 (2d Cir. 2022). The Second Circuit noted that the "pernicious effects" of settlements with "highly restrictive confidentiality provisions, overbroad releases, and fee awards that were disproportionate and unreasonable, as well as settlements that were reached because the plaintiffs were unemployed and desperate for any money they could find . . . could have been achieved with a dismissal without prejudice coupled with a broad release. Cold comfort that a plaintiff could unwittingly sign away FLSA claims in a secret settlement while representing to the district court that the dismissal is without prejudice." *Id.* at 810.[1]

The Court therefore "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (cleaned up). "District courts typically evaluate the fairness of a settlement agreement by considering the factors outlined in *Wolinsky*, which include, among others: (1) the plaintiff's range of possible recovery; (2) the extent to which the

---

[1] In contrast, judicial approval of offers of judgment made pursuant to Rule 68(a) is not required, even where the offer of judgment leads to the termination of an FLSA claim. *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 410 (2d Cir. 2019). Although an offer of judgment executed by Defendants in this case was filed as an exhibit to the Settlement Agreement, no written notice of acceptance or certificate of service was filed on the docket, as would be required for a Rule 68(a) offer of judgment to take effect.

settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing *Wolinsky*, 900 F. Supp. 2d at 335-36).

In the present case, the parties have not yet made a submission attempting to justify how this Settlement Agreement is fair and reasonable. To the contrary, Plaintiff's attorney stated that the Settlement Agreement was entered into by Plaintiff against the advice of counsel. Yet even without additional information regarding the potential range of recovery, the burdens of litigation, and the potential litigation risks, it is doubtful that such a *de minimis* settlement could be approved under *Cheeks* under these circumstances. The settlement results in no recovery at all to Plaintiff on his overtime and minimum wage claims, and only provides for a payment of a portion of his attorney's fees. *See Cabrera v. CBS Corp.*, No. 17-cv-6011 (CM) (BCM), 2019 WL 502131, at *5 (S.D.N.Y. Feb. 8, 2019) (declining to approve FLSA settlement agreement pursuant to which plaintiffs would receive no settlement payment at all). No discovery has yet to take place, so the potential strengths or weaknesses of Plaintiff's claims cannot yet be assessed. The settlement agreement was not the result of an arm's length bargaining between experienced counsel. According to the letter submitted by Plaintiff's counsel, Plaintiff was induced to enter into the Settlement Agreement by a separate promise, not embodied in the Settlement Agreement itself, that Defendants would rehire Plaintiff to his prior position. This would facially appear, then, to be a prime example of the types of abusive and unfair settlement agreements resulting from unequal bargaining power that the *Cheeks* review was designed to prevent.

The Court also notes that, although the Settlement Agreement has now been filed on the public docket, it contains a confidentiality provision the prohibits Plaintiff from discussing the terms of the agreement or his negotiations with Defendants. "This type of confidentiality provision in a FLSA settlement is firmly against public policy and courts in this Circuit have consistently held as much." *Sanchez v. Rolling Rock Contracting Inc.*, No. 22-CV-06519 (ALC), 2023 WL 3871886, at *1 (S.D.N.Y. May 25, 2023) (quoting *Baikin v. Leader Sheet Metal, Inc.*, No. 16 CIV. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017)); *Melendez v. Cosan Constr. Corp.*, No. 21-CV-07426 (BCM), 2023 WL 3336549, at *3 (S.D.N.Y. May 10, 2023) (". . . [R]estrictive confidentiality provisions, which prevent FLSA plaintiffs from making common cause with others similarly situated, are among the abusive terms that *Cheeks* review is designed to curtail."). For this additional reason, the Court is unable to approve the Settlement Agreement.

## CONCLUSION

The Court declines to approve the underlying Settlement Agreement as fair and reasonable under *Cheeks*. Accordingly, the Rule 41 Stipulation has no effect. Plaintiff shall file a letter with the Court by **June 27, 2025,** setting forth his position as to next steps in this case. Plaintiff is instructed to serve a copy of this Opinion and Order on Defendants within one week, and to file a certificate of service promptly on the docket following service.

SO ORDERED.

Dated: May 23, 2025
      New York, New York

                                                   JEANNETTE A. VARGAS
                                                   United States District Judge